United States District Court
Southern District of Texas
FILED

MAR 3 1 2005

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| HIBERNIA NATIONAL BANK,<br>    Plaintiff,<br><br>VS.<br><br>UNITED HELICOPTERS, INC.,<br>CLAYTON CHENNAULT,<br>BARR AIR PATROL, LLC, and<br>THE UNITED STATES OF AMERICA,<br>INTERNAL REVENUE SERVICE,<br>    Defendants | )<br>)<br>)<br>) CIVIL NO. H-05-1100<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

  COMES NOW Defendant United States of America (Internal Revenue Service), and gives this Court notice of removal of the above-entitled cause now pending as Case No. 2005-10894, in the 165th Judicial District Court, Harris County, Texas, filed on or about February 15, 2005, and as grounds therefor would show the Court the following:

  1. Plaintiffs' Original Petition for Interpleader was filed with the 165th Judicial District Court, Harris County, Texas, on or about February 15, 2005. The United States of America (Internal Revenue Service), was made a party to this action as a result of its claims against United for federal tax liabilities. A copy of the pleading received by the United States of America on or about March 29, 2005, is attached hereto as Exhibit A.

  2. Plaintiff has filed its Original Petition for Interpleader for the purpose of determining entitlement of funds held by Hibernia National Bank and to be deposited into the Registry of the Court for the 165th Judicial District Court, Harris County, Texas.

3. This Notice of Removal is filed pursuant to 28 U.S.C. Sec. 1441, 1444, and 1446, said action and cause in State Court being a civil action for the purpose of determining entitlement of funds held by Hibernia National Bank, under 28 U.S.C. Sec. 2410. This Court has original subject matter jurisdiction of this action by virtue of 28 U.S.C. Sec. 1331.

United States of America (Internal Revenue Service), hereby gives notice that this action now pending in the 165th Judicial District Court, Harris County, Texas, is removed to this Court.

MICHAEL T. SHELBY
United States Attorney

By: *[signature]*

RAMONA S. NOTINGER
Southern District - Texas Federal Bar No. 204
State Bar No. 19158900
Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood Street. Suite 400
Dallas, Texas 75201
(214) 880-9766
(214) 880-9742 (fax)

ATTORNEYS FOR THE UNITED STATES

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Notice of Removal has been made on the 30th day of March 2005, by mailing a copy thereof to:

Fred Wahrlich
Munsch Hardt Kopf & Harr, P.C.
700 Louisiana, Suite 4600
Houston, TX 77002

Clayton Chennault
505 Meadowview Road
Rockwall, TX 75032-8939

Michael McDuffie
5574 Sugar Hill
Houston, TX 77056

_____
RAMONA S. NOTINGER

CAUSE NO. 200510894

|  |  |  |
|---|---|---|
|  | RECEIPT NO. 219966<br>02-15-2005 | 0.00           CIV<br>TR # 71878280 |
| PLAINTIFF: HIBERNIA NATIONAL BANK<br>vs.<br>DEFENDANT: UNITED HELICOPTERS INC (TEXAS CORPORATION) |  | In The  165th<br>Judicial District Court<br>of Harris County, Texas<br>165TH DISTRICT COURT<br>Houston, TX |

### CITATION

THE STATE OF TEXAS
County of Harris

TO: UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE BY SERVING ITS
    DISTRICT DIRECTOR OR HIGHEST RANKING OFFICER
    1919 SMITH STREET   HOUSTON TX 77002

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>15th day of February, 2005</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on <u>16th day</u> of February, 2005, under my hand and seal of said Court.

<u>Issued at request of:</u>
WAHRLICH, FRED ERIC
700 LOUISIANA #4600
HOUSTON, TX 77002
Tel: (713) 222-1470
Bar No.: 20666500

CHARLES BACARISSE, District Clerk
Harris County, Texas
201 Fannin       Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
BY _Tracey Miller_
Deputy MILLER, TRACEY             FGT/GL1/7108691

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in
_____ County at _2:35_ o'clock _P_.M., on the _22nd_ day of _February_,
_2005_, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying __/__ copy(ies) of the
                                                                             Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _22nd_ day of _February_, _2005_.

Fee: $_____

                                                  _____ of _____ County, Texas

_____signature_____
    Affiant                              By _____
                                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                                  Notary Public

N.INT.CITR.P

**GOVERNMENT EXHIBIT A**

CAUSE NO. 2005-10894

| | | |
|---|---|---|
| HIBERNIA NATIONAL BANK, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| vs. | § | |
| UNITED HELICOPTERS, INC., | § | |
| CLAYTON CHENNAULT, | § | HARRIS COUNTY, TEXAS |
| BARR AIR PATROL, LLC, and | § | |
| THE UNITED STATES OF AMERICA, | § | |
| INTERNAL REVENUE SERVICE, | § | 165 |
| Defendants. | § | _____ JUDICIAL DISTRICT |

### PETITION IN INTERPLEADER

Hibernia National Bank files this Petition in Interpleader pursuant to Texas Rule of Civil Procedure 43 and would respectfully show as follows:

#### Discovery Control Plan

1. Hibernia National Bank intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

#### Parties

2. Hibernia National Bank ("Hibernia") is a Louisiana corporation with its principal place of business in New Orleans, Louisiana. Hibernia may be served with any subsequent pleading or document through its attorney, Fred Wahrlich, Munsch Hardt Kopf & Harr, P.C., 700 Louisiana, Suite 4600, Houston, TX 77002.

3. United Helicopters, Inc. ("United") is a Texas corporation with its principal place of business in Pearland, Texas. United has forfeited its corporate charter issued by the State of Texas. United will be served with citation and a copy of this Petition via its highest ranking officer, Clayton Chennault, 505 Meadowview Road, Rockwall, TX 75032-8939.

HOUSTON 988610_2 7837.3

4.     Clayton Chennault ("Chennault") is an individual residing in Rockwall, TX and upon information and belief is claiming an interest in the Funds described below. Chennault will be served with citation and a copy of this Petition at his residence 505 Meadowview Road, Rockwall, TX 75032-8939.

5.     Barr Air Patrol, LLC ("Barr") is a Texas limited liability corporation with its principal place of business in Mesquite, Texas. Barr will be served with citation and a copy of this Petition via its registered agent, Michael McDuffie, 5574 Sugar Hill, Houston, TX 77056.

6.     The United States of America, Internal Revenue Service (the "IRS") is an entity of the United States government. Pursuant to 28 U.S.C § 2410(a)(5), the IRS has waived sovereign immunity, and is, therefore, subject to these proceedings. The IRS will be served with citation and a copy of this Petition at its principal place of business, Attention: District Director or Highest Ranking Officer, 1919 Smith Street, Houston, TX 77002.

### Jurisdiction and Venue

7.     Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) as this suit is brought in the county in which all or substantially part of the events or omissions giving rise to Hibernia's claims occurred. This Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

### Summary of Interpleader

8.     Hibernia is or may be subject to multiple liabilities with respect to the remaining proceeds from the sale of the Property, as described below, by United to Barr due to rival claims by United, Chennault, the IRS and, potentially, by Barr.

### Background Facts

9.     On or about August 13, 2002, Brazoria County recorded Notice of Federal Tax Lien Numbers 760289204 and 760289205, against United in an aggregate amount of

$289,854.67. On or about August 14, 2002, the Secretary of State recorded Notice of Federal Tax Lien Number 760289206. (collectively, the "Tax Liens"). The Tax Liens attached to all property and rights to the property of United.

10. On May 31, 2004, United and Barr entered into an agreement whereby United sold to Barr fourteen (14) airplanes, together with all associated component parts, for $2,000,000 (the "Property"). *Cert of title ??*

11. Hibernia provided Barr with the purchase money for the Property as an interest-bearing loan (the "Loan"). As additional consideration for the Loan, Hibernia received a security interest in the Property.

12. Hibernia and Barr were aware of the Tax Liens and were also aware that any transfer of the Property would be subject to those liens.

13. Barr and United agreed that a portion of the sale's proceeds, totaling $187,000.00, would be held in an escrow account at Hibernia (the "Funds"). The express purposes of the Funds were i) to protect the value of the Property, thereby preventing the Loan from going into default, and ii) to pay the Tax Liens after United could negotiate its tax liability with the IRS.

14. On January 28, 2005, the IRS issued to United a "Discharge of Property from Federal Tax Lien" (the "Discharge"). Pursuant to the Discharge, the IRS determined that the value of its interest in certain of United's property amounted to $94,000.00. Thus, it authorized the issuance of a certificate discharging "all assets of United, including aircrafts, vehicles, parts, inventory and miscellaneous personal business property" in exchange for a payment of $94,000.00 "to be applied in part satisfaction...." The Discharge did not, however, release the Tax Liens or refer to the Property, and specifically reserved "the force and effect of said tax lien against and upon all other property or rights to property to which said lien is attached, wheresoever situated."

*Why part of property*

15. On or about January 31, 2005, United and Chennault contacted Hibernia and demanded that Hibernia release the Funds to Chennault, asserting that United had obtained the discharge of both United and the Property from the Tax Liens. Hibernia released Funds to United in the amount of $94,000.00 to pay for the Discharge. But because the Discharge did not mention or refer to the Property, and was not a general release of tax liens, Hibernia did not release the remaining $93,000.00.

16. On February 10, 2005, United and Chennault renewed their demand that Hibernia release the remaining Funds. United and Chennault also asserted that Hibernia's failure to release the remaining Funds constituted conversion.

17. On February 14, 2005, United and Chennault reiterated their demand for the Funds and gave Hibernia a deadline of 8:00 a.m. on February 15, 2005 to release the Funds. United and Chennault stated that they would construe Hibernia's failure to meet this deadline as a refusal to comply with their demand and would "proceed accordingly."

### Grounds for Interpleader

18. Hibernia is subject to or reasonably anticipates rival claims to the remaining Funds. In addition to United's and Chennault's demand for the remaining Funds, Hibernia expects competing claims from the IRS and Barr. The Discharge does not specifically release United from all unpaid internal revenue tax, but is only in part satisfaction of the liability. Thus, the IRS may claim the remaining Funds or the Property as subject to its Tax Liens. Hibernia also believes that Barr may have a competing claim to the Funds because the Funds were to protect the Property from a sequestration claim by the IRS and serve as collateral to pay the Tax Liens. The Property was encumbered by the IRS's Tax Liens and sold subject to the Tax Liens. It is not clear that the Discharge releases the Property. Release of the Funds to United would, therefore, place the Loan in default. Moreover, Hibernia believes that Barr and the IRS may have

competing claims to the Funds as third-party beneficiaries or as beneficiaries to a constructive trust. The escrow account holding the Funds was created for the specific purposes of protecting Barr's collateral from the Tax Liens and paying the IRS's Tax Liens. Hibernia believes this purpose may have conferred upon Barr and the IRS third-party beneficiary rights to the Funds or created a constructive trust. As the Tax Liens remain unpaid, Barr and the IRS may have competing claims to the remaining Funds to satisfy the IRS's Tax Liens. Finally, Clayton Chennault has demanded the remaining Funds be paid to him or to a relative of his.

19. These claims are adverse and conflicting, and Hibernia is unable to determine which defendant is entitled to the remaining Funds. With respect to the remaining Funds from the sale of the Property, Hibernia, therefore, is in the position of an innocent stakeholder faced with the possibility of multiple liabilities and incidental costs.

20. Hibernia neither has, nor claims, any interest in the remaining Funds, which Hibernia has, at all times, been willing to deliver to the person entitled to possession.

21. Hibernia has in no way colluded with any defendant concerning the matters of this Interpleader action. Hibernia has not been, and will not be, indemnified in any manner by any defendant. Hibernia has filed this Petition of its own free will to avoid multiple liability and unnecessary suits and costs incidental to them.

22. Hibernia unconditionally offers, and is ready, to deposit with the Court the remaining Funds totaling $93,000.00, which represents the entire proceeds of the Funds in Hibernia's possession.

23. Hibernia further alleges that it is entitled to recover its reasonable attorneys' fees and costs as a result of these proceedings. To date, the sum of $4,500.00 is a reasonable fee for the services of the firm representing Hibernia in this suit.

## Conclusion

Based upon the foregoing, Hibernia requests that the defendants be cited to appear and answer, interpleading their claims to the $93,000.00 held in escrow at Hibernia, which Hibernia has tendered to the Court and, on final trial, that Hibernia have the following:

- i) That Hibernia be released and discharged from all liability to the defendants on account of the matters relating to the disposition of the $93,000.00;

- ii) That Hibernia have and recover a reasonable fee for the services of its attorneys, together with all costs of court and expenses incurred by Hibernia in this suit, with all such fees, costs and expenses to be paid out of the $93,000.00 prior to any award to the prevailing defendant, and

- iii) Such other and further relief to which Hibernia may be justly entitled.

DATED: February 15, 2005

Respectfully submitted,

MUNSCH HARDT KOPF & HARR, P.C.

By: _____
Fred Wahrlich
State Bar Number 20666500
M. Kevin Powers
State Bar Number 24041715
700 Louisiana, Suite 4600
Houston, Texas 77002
Telephone: (713) 222-1470
Facsimile: (713) 222-1475

ATTORNEYS FOR HIBERNIA NATIONAL BANK

*[Handwritten notes in left margin:]*
Alma
Burke (advisor)
(713) 205-4515

Felix Carrillo
(713) 205-3828

Audrey Briggs
R.O. who got
info for the discharge

Arrangement to full pay

Applied for discharge

if there are funds —

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
HIBERNIA NATIONAL BANK

## DEFENDANTS
UNITED HELICOPTERS, INC., CLAYTON CHENNAULT, BARR AIR PATROL, LLC, and
THE UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE)

(b) County of Residence of First: Harris
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Fred Wahrlich
MUNSCH HARDT KOPF & HARR, P.C.
700 Louisiana, Suite 4600
Houston, TX 77002

Attorneys (If Known)
Ramona S. Notinger
U.S. Dept of Justice, Tax Division
717 N. Harwood St., Suite
Dallas, TX 75201
214/880-9766   214/880-9742 (fax)

**H-05-1100**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | X 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- X 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Civil Action brought in State Court for the purpose of determining entitlement of funds held by Hibernia National Bank. Pursuant to 28 U.S.C § 1441, 1444, 1446, & 1331 and 2410.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  X No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 3/30/05
SIGNATURE OF ATTORNEY OF RECORD *(signature)*

FOR OFFICE USE ONLY